GOOD FORM MFG. CO. v. WHITE.

(Circuit Court, S. D. New York. May 8, 1907.)

1. PATENTS—CONSTRUCTION OF CLAIMS—ACQUIESCENCE IN LIMITATIONS.

If a patentee acquiesces in the limitations suggested by the Patent Office, and the essential elements of the claim are alluded to by reference letters indicating that the Patent Office intended to restrict the claims to the particular device described, a claim to a broader scope cannot be maintained.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, § 244.]

2. SAME—INFRINGEMENT—NECKTIES.

The Davies patent, No. 605,947, for a necktie having "the connections, C, C, secured to the inner face of the band portion adjacent to each end portion, and provided at their free ends with rings adapted to fit over a collar button," conceding it to disclose patentable invention, in view of the prior art and the action of the Patent Office in suggesting the language of the claim designating the connection pieces by reference letters, which suggestion was accepted by the patentee, must be limited to a tie having connections so secured. As so limited, *held* not infringed.

In Equity.

Otto Munk (Baxter Morton, of counsel), for complainant.
J. E. Hindon Hyde, for defendant.

HAZEL, District Judge. This suit is for infringement of letters patent issued to Charles W. Tudor Davies, No. 605,947, dated June 21, 1898, for improvements in neckties. The invention "consists in the novel construction and arrangement of the parts whereby the strain which is placed upon a neckband to hold the same firmly to a collar is removed from the knot."

The single claim of the patent reads as follows:

"As an article of manufacture, a necktie consisting of a neckband and two end portions, these end portions being adapted to form a knot, and the connections, C, C, secured to the inner face of the band portion adjacent to each end portion, and provided at their free ends with rings adapted to fit over a collar button, substantially as set forth."

The object of the patentee was to provide means for securing the bow or tie to the front of the collar to prevent its slipping or dis-

placement, and to relieve the end portions of the neckband when tied into a bow of the strain required to hold the tie intact on the collar. To accomplish this result, the patentee provided connection pieces secured to the neckband and small rings or loops at their ends to fit over the collar button.

The specification states:

"The connections, C, C, consist of small pieces of elastic which are secured firmly to the neckband, A, in suitable positions and are provided in the forward end with small rings or loops, C', C', which are adapted to fit over the collar button, D."

The defenses are that the patent is invalid, and, if valid, that its scope must be limited to the precise arrangement shown, and, generally, that the defendant does not infringe. Complainant claims that the features relating to the material composing the connection pieces and the rings at their ends are nonessential; the scope of the claim being broad enough to include the substitution of inelastic bands or tabs with buttonholes at their ends. In other words, that the essential element of the combination consists of the short pieces or connecting portions which are stitched or attached to the inner portion of the neckband at the point where the free ends are looped to form a tie, which connecting pieces are provided with an eye or loop for fastening to the collar button.

The theory of the defendant is that the prior art and the action of the Patent Office, as disclosed by the file wrapper, indubitably show a patent (assuming invention) that is narrow and limited to the precise construction described in the specification and in the drawing attached thereto. This contention renders necessary an examination of the proceedings in the Patent Office upon the initial application of the patentee and also as to the prior state of the art. The original claims were repeatedly rejected by the Commissioner of Patents for indefiniteness, and upon the ground that the connection pieces were not located or sufficiently described in the proposed claims, and the suggestion by the Patent Office of the single claim in suit was finally accepted by the patentee. The record shows that at the date of the invention in suit it was old to construct a cravat in which the ends thereof were left free from strain, so that they could be tied into a bow. In the patent to Graves, No. 294,869, dated March 11, 1884, a method is shown to prevent neckties from rising over a standing collar by using a looped wire fastener, with extending arms, which fitted over the collar button and hooked into the cravat, holding it firmly in place and relieving the bow from strain. In the Gerber patent, No. 276,023, the tabs of the turndown collar described in the specification were also constructed to relieve the free ends of the tie from the strain. In the Bartlett patent, No. 460,259 another method was shown which also operated to accomplish a similar result. In that patent the neckband was divided at the back and the ends of the elastic material were provided with a hook and eye, together with a sliding buckle for fastening and adjustment. In the prior patent to Davies, No. 586,284, the connection piece of the necktie is made at the rear in precisely the same way as in the Bartlett patent, while

at the front there is sewn on the inner side of the neckband a connection piece, which according to the patent may be either elastic or inelastic, and which functionally operated to remove the strain from the free ends of the band. In the later Davies patent, No. 615,813, application filed July 12, 1897, is also shown a method to divert the strain from the knot and to adjust the connection piece which has a ring at its ends under the front collar button. To enable such adjustment a hook is attached at the inner side of the band at the point adjacent to the front collar button which engages the ring. An important reference is the Hirschfield patent, No. 507,401, dated July 23, 1889, which discloses, I think, nearly all the essential elements of the patent in suit, and, moreover, the precise function is achieved therein by equivalent means. True the article of apparel is an outing belt, yet it is analogous to the patent in suit, and practically belongs to the same art. The principle by which the free ends of the sash in the Hirschfield patent are relieved from strain is thought to be practically the same as that adopted by the patentee.

Now, what has the patentee accomplished by his improvement? It may be conceded that he has produced a better functional result, but whether, by attaching the short connections to the inner face of the neckband and by providing rings at their ends which fit over the front collar button thereby diverting the strain from the knot, he has exercised invention, is to my mind doubtful. Assuming, however, the patentability of the Davies invention, I think the scope of the claim in view of the prior art, to which attention has been directed, and the action of the Patent Office, is exceedingly narrow. The rule enunciated in the case of Lehigh Valley R. Co. v. Kearney, 158 U. S. 461, 15 Sup. Ct. 871, 39 L. Ed. 1055, is thought applicable. It was substantially held in that case that, if a patentee acquiesces in the limitations suggested by the Patent Office and the essential elements of the claim are alluded to by reference letters indicating that the Patent Office intended to restrict the claim to the particular device described, a claim to a broader scope cannot be maintained. Knapp v. Morss, 150 U. S. 221, 14 Sup. Ct. 81, 37 L. Ed. 1059.

In the defendant's cravat the means for securing the same to the front collar button differ from the fastening device of the Davies patent in that the cravat has an inner or supplemental band which is integral with the outer neckband and is adapted to button to the front and back collar buttons. The cravat proper and supplemental band are cut or stamped out simultaneously from the same material and suitably folded over constituting a combination of an inner and outer band. The inner band has buttonholes at its ends for buttoning to the front collar button. It may be doubted whether making the cravat and supplemental band with buttoning arrangement in one piece would escape the charge of infringement, yet to my mind the defendant's necktie is more like the Hirschfield belt hereinabove mentioned than the construction in suit. In short, the defendant's article of manufacture is without connection pieces, unless its supplemental band with buttonholed ends would be considered an equivalent of the complainant's fastening device, but in view of the prior art, as already stated,

the patent in suit must be limited to the arrangement described in the patent; that is, to connections secured to the inner face of the tie adjacent to each end portion thereof.

The bill is dismissed.